STOULIG, Judge
(dissenting).
I respectfully dissent.
The majority opinion awards support of more than 80 percent of the husband’s proven net income. It speculatively assumes that the husband has a greater monthly income than the evidence reflects and based upon this assumption concludes, in effect, that the trial judge has abused his discretion. In my opinion the evidence bearing upon the needs of the wife and children and the husband’s ability to respond amply sustains the reasonableness of the alimony and child support awards of the trial judge. I find no basis for adjudging this judgment as an abuse of discretion.
There exists no precise method for computing alimony and child support, the amount of which falls within the discretionary determination of the trial judge *703 based upon the needs of support and the ability to respond. Only when the trial court’s award is so unreasonable or inequitable as to constitute an abuse of discretion will his judgment be disturbed on appeal.
The uncontroverted evidence reveals that Mr. Kimble has a net take-home pay of $1,113.59 per month. The amount of his net monthly income was readily obtainable by Mrs. Kimble since his salary as comptroller for the Parish of Plaquemines is a public record. Having failed to controvert appellee’s testimony as to his net earnings, it must be concluded that the appellant either concurred in the accuracy of this testimony or was unable to obtain any contradictory evidence to refute it. Therefore the only evidence before the court is the undisputed testimony of Mr. Kimble as to his net monthly earnings.
What were the obligations of the husband under the judgment of the trial court? Alimony, $200; child support, $200; monthly mortgage on wife’s car, $139; insurance on wife’s car, $21.38 per month; tuition for the children's schooling (which will be significantly increased), $125 per month. Total obligations, direct and indirect, $685.38 per month. This award is more than 60 percent of the husband’s net monthly income.
What did the wife seek? Direct support of $631 for herself and children, plus $285.38 for her automobile and the children’s tuition — a total of $916.38 out of the established net monthly income of the husband of $1,128.93.[1] It is interesting to note the wife is living rent free in a house owned by her husband’s grandmother.
Under the majority opinion, the husband is condemned to pay 80 percent of all of his net income for the upkeep of his wife and children. It justifies this award by reasoning that the family expenses amounted to $900 per month when the parties were living together and the husband was earning a gross annual salary of $13,000 with a net take-home pay of $900 per month and therefore since his annual salary has been increased to $19,000 per year and the family expenses have not been reduced or altered, that the husband should be able to financially sustain himself out of his increase in salary.
This reasoning overlooks two facts: (1) that though the salary of the husband was increased by $500 per month, his net take-home pay only increased $213 monthly; and (2) that the trial judge had information of this increase when he rendered his judgment of support.
In the absence of any evidence to the contrary, this court is bound by the undisputed evidence that the total monthly income of Mr. Kimble from all sources amounts to $1,128.93 and any modification of the trial court’s judgment based upon income in excess of this amount is going beyond the record.
I do not quarrel with the law cited in the majority opinion or that portion preter-mitting the appellant’s request for attorney’s fees pending the final determination of the separation proceeding.
For the foregoing reasons, I respectfully dissent. I find no abuse of discretion by the trial judge which would warrant - a modification of his judgment.

. Defendant testified to a monthly net salary of $1,113.59, an annual profit of $134 from the sale of oranges, and an annual $50 rental receipt for leasing a duck pond. Averaged out, the rent and orange sale profit yields an additional $15.34 monthly.